IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FAYE RENNELL HOBSON )
)
v. ) NO. 3:18-0838
)
BARRETT JOHNSTON MARTIN & )
GARRISON, et al. )

**TO: Honorable Eli J. Richardson, District Judge**

# REPORT AND RECOMMENDATION

By Order entered September 19, 2018 (Docket Entry No. 5), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(a)( and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

For the reasons set forth below, the undersigned respectfully recommends that this action be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Faye Rennell Hobson ("Plaintiff") is a resident of Tennessee. In 2014, she brought a *pro se* civil action in this Court against the Secretary for the United States Department of Defense ("DOD") based on allegations of unlawful employment discrimination and retaliation. *See Hobson v. Retired General James Mattis, Secretary, Department of Defense,* 3:14-1540 ("*Hobson v. DOD*"). After two of Plaintiff's claims survived a summary judgment motion and were set for trial, Joshua A. Frank ("Frank") and Scott P. Tift ("Tift"), who are members of the Court's Civil Appointments Panel, were appointed to represent Plaintiff in a *pro bono* capacity. On September 28, 2017, a jury found in favor of the DOD on the claims that were tried. Frank and Tift were granted leave to withdraw from the case subsequent to trial, and the judgment against Plaintiff was affirmed upon her *pro se* appeal. *See Hobson v. Mattis*, 2018 WL 3241369 (6th Cir. May 23, 2018).

Plaintiff filed the instant lawsuit on September 6, 2018, against Frank and Tift and against Barrett, Johnston, Martin & Garrison ("BJMG"), the law firm where they work. Plaintiff alleges that Frank and Tift committed legal malpractice during their brief representation of her. Specifically, she complains about their action during the trial and how they presented her case to the jury. She brings claims of "legal malpractice: negligence" and "legal malpractice: breach of fiduciary duty." *See* Complaint (Docket Entry No. 1). As relief, Plaintiff requests that the Court hold Defendants accountable, report their actions to the "Tennessee State Bar Association", and sanction them. *Id*. at 4. She also requests damages to compensate her for what she contends she would have been awarded in *Hobson v. DOD* had Frank and Tift not committed what Plaintiff describes as legal malpractice. *Id*.

Because (1) Plaintiff's complaint did not set forth a specific assertion of the grounds for the Court's jurisdiction over her lawsuit, and (2) a basis for federal jurisdiction was not clearly apparent from the complaint, the Court directed Plaintiff to file a response and show cause why her lawsuit should not be dismissed for lack of subject matter jurisdiction. *See* Order entered September 26, 2018 (Docket Entry No. 11). The Court held in abeyance Defendants' obligation to respond to the complaint until the issue of subject matter jurisdiction was resolved. *Id*.

Plaintiff filed an initial response, in which she protested against the abeyance the Court granted regarding Defendants' response to the lawsuit, complained about judicial bias by this Court, and requested that any statute of limitations for her claims be tolled. *See* Docket Entry No. 12. Plaintiff then filed a response directly addressing the issue of subject matter jurisdiction over her lawsuit. *See* Docket Entry No 13. Plaintiff contends that subject matter jurisdiction exists because the underlying basis for her legal malpractice claims involves questions surrounding Title VII and, thus, raises matters of federal law. *Id*. She also asserts that Frank and Tift acted purposefully and maliciously and that her Fifth Amendment rights were violated because the unfair trial she received resulted in her being deprived of her property without due process. *Id*.

## II. CONCLUSIONS

Federal courts are courts of limited jurisdiction and do not possess general jurisdiction to hear all claims brought by litigants who file cases. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *Caterpillar Inc. v. Williams*, 482, U.S. 386, 392 (1987). There is an ongoing obligation on this Court to ensure that it has subject matter jurisdiction over a case. *See New Hampshire Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009). Accordingly, *sua sponte* dismissal of a case is appropriate whenever the Court determines that it lacks subject matter jurisdiction. Rule 12(h)(3) of the Federal Rules of Civil Procedure; *Welch v. Jennings*, 9 Fed.App'x 322, 322 (6th Cir. 2001) ("we conclude that the district court properly raised the issue of subject matter jurisdiction *sua sponte*, and, after finding that jurisdiction was lacking, dismissed the complaint.").

The burden of establishing the existence of federal subject matter jurisdiction rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Plaintiff has failed to show that this Court has subject matter jurisdiction to adjudicate her lawsuit. Accordingly, dismissal of the action for lack of subject matter jurisdiction is required.

Plaintiff does not allege that diversity jurisdiction under 28 U.S.C. § 1332 exists. This leaves federal question jurisdiction under 28 U.S.C. § 1331 as the only basis for the Court to exercise jurisdiction over the lawsuit. A case "arises under" federal law for purposes of exercising federal question jurisdiction if the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Claims of legal malpractice, even if based upon events occurring in a case litigated in federal court, are claims that arise from state, not federal, law. *See Warrior Sports, Inc. v. Dickinson Wright,*

*P.L.L.C.*, 666 F.Supp.2d 749, 753 (E.D. Mich. 2009). Plaintiff's statement of the grounds for filing her case in federal court, *see* Complaint at 1-2, fails to set out a plausible basis for concluding that her claims arise under federal law. Although Plaintiff refers in her complaint to both a federal statute, 10 U.S.C. § 1054, and a federal constitutional provision, the Sixth Amendment, merely referring to a federal statute or constitutional provision does not establish federal jurisdiction if the dispute does not involve a substantial question of federal law. *See Ford v. Hamilton Inv., Inc.*, 29 F.3d 255, 258 (6th Cir. 1994). Plaintiff fails to raise a substantial question of federal laws by virtue of either of these references. Plaintiff has not shown how 10 U.S.C. § 1054[1] has any applicability to her lawsuit. With respect to the Sixth Amendment, "[i]t is well-settled that there is no . . . constitutional or statutory right to effective assistance of counsel in a civil case." *Alsobrook v. UPS Ground Freight, Inc.*, 352 Fed.App'x 1, 3 (6th Cir. 2009) (quoting *Adams v. Vidor*, 12 Fed.App'x 317, 319 (6th Cir. 2001)).

In her response to the show cause order, Plaintiff points to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005), and argues that federal jurisdiction should extend to her state law malpractice claims because the claims implicate significant federal concerns and, thus, fall within the scope of federal question jurisdiction. Specifically, she contends that resolving her legal malpractice claims will involve assessment of evidence and elements of proof as they pertain to Title VII retaliation claims and will require interpretation of Title VII federal precedents. *See* Response (Docket Entry No. 13) at 1-3.

Plaintiff's argument is unconvincing. The category of cases that involve state law claims to which federal question jurisdiction nonetheless attaches is "special and small." *Gunn v. Minton*, 568 U.S. 251, 258, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006). *See also Palkow v. CSX Transportation, Inc.*, 431 F.3d 543 (6th Cir. 2005) (state-law claims arising out of prior federal

---

[1] Section 1054, titled "Defense of Certain Suits Arising out of Legal Malpractice," pertains to claims brought against the United States based on allegations of legal malpractice against lawyers acting with the scope of employment with the Department of Defense

4

lawsuits do not generally warrant the exercise of federal question jurisdiction). To fall within this category, there must be an affirmative answer to the following inquiry: does the "state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"? *Grable*, 545 U.S. at 314. No such affirmative answer exists in this case. The mere fact that Defendants' purported legal malpractice occurred within the context of a federal employment discrimination case is not sufficient to bring Plaintiff's lawsuit into the category of *Grable* cases. This conclusion is consistent with the majority of cases that have addressed the issue. *See Steele v. Salb*, 681 F.Supp.2d 34 (D.D.C. 2010); *Walker v. Dwoskin*, 2009 WL 366387 (W.D.Va. Feb. 12, 2009); *Higbee v. Malleris*, 470 F. Supp.2d 845 (N.D. Ill. 2007); *Pickens v. Gardner*, 2003 WL 22888957 (S.D.Iowa Dec.3, 2003). *See also Evans v. David Danner Law Firm, LLC*, 2006 WL 2370241 at *1 (M.D. Tenn. Aug. 14, 2006) (Trauger, J.) (federal subject matter jurisdiction did not exist over legal malpractice claims based on allegations of malpractice in federal arbitration proceeding).

Plaintiff also contends that Defendants Frank and Tift acted purposefully and maliciously, *see* Docket Entry No. 13 at 4, and states the following as the constitutional basis for her complaint:

> the manner in which my trial was handled prevented me from getting a fair trial; the jury was deprived of reviewing all needed and relevant evidence. In my opinion, this was purposeful and malicious. This implicates my 5th Amendment right to not be deprived [of] property without due process of law which clearly involves federal question subject matter jurisdiction.

*Id*. at 6-7.[2] As noted *supra*, the Court has no jurisdiction to adjudicate Plaintiff's state law legal malpractice claims. Plaintiff's framing of the alleged acts of malpractice as purposeful or malicious does not impact this conclusion. Further, Plaintiff's failure to succeed at her jury trial in *Hobson v. DOD* simply does not constitute a deprivation of property without due process under the Fifth

---

[2] Plaintiff first raised her Fifth Amendment argument in her response. *See* Docket Entry No. 13. Although a federal question must be disclosed on the face of the complaint and not set out in briefs, *Ford*, 29 F.3d at 259, given Plaintiff's *pro se* status, the Court has considered this argument as if it were raised in the complaint.

Amendment as argued by Plaintiff.³ Plaintiff has not stated a plausible or colorable Fifth Amendment claim. In such a circumstance, she fails to raise a substantial question of federal law that is sufficient to confer subject matter jurisdiction on this Court. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

In the end, Plaintiff filed her legal malpractice lawsuit in the wrong court. Her claims must be pursued in the appropriate state court. Contrary to Plaintiff's request, any statute of limitations issues or tolling issues are not matters for this Court to decide.

## RECOMMENDATION

Based on the forgoing, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

                                      Respectfully submitted,

                                      BARBARA D. HOLMES
                                      United States Magistrate Judge

---

³ In her direct appeal in *Hobson v. DOD*, Plaintiff raised as grounds for relief the issues of bias by the trial court and trial counsel, prejudice, and counsels' failure to fairly represent her. These issues were rejected by the Sixth Circuit Court of Appeals.