IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FAYE RENNELL HOBSON, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:18-cv-0838 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| BARRETT JOHNSTON MARTIN & GARRISON, et al., | ) ) | |
| | ) | |
| Defendants. | | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 16) and Objections filed by Plaintiff (Docket No. 17). When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. For the reasons explained herein, the Objections of the Plaintiff are **OVERRULED**, and the Report and Recommendation is **ADOPTED and APPROVED**. Accordingly, this action is **DISMISSED,** without prejudice, for lack of subject-matter jurisdiction.

## DISCUSSION

This case is a state-law, legal-malpractice action. Plaintiff's Verified Complaint alleges that Defendants, who are licensed attorneys, represented her in a civil action against a federal

agency. Plaintiff alleges that, in the course of their representation of her at trial, Defendants "intentionally and negligently botched plaintiff's case and caused significance [sic] injury," thereby breaching their fiduciary duty to her.[1] She contends that she is "100% sure" she would have prevailed in that action had it not been for the "negligent intentional conduct of the defendants."[2]

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Because the Verified Complaint did not set forth a specific assertion of the grounds for this Court's jurisdiction, and a basis for federal jurisdiction was not clearly apparent from the Verified Complaint, the Magistrate Judge directed Plaintiff to show cause why her lawsuit should not be dismissed for lack of subject-matter jurisdiction. Doc. No. 11.

Plaintiff filed two responses to this directive. Doc. Nos. 12 and 13. Plaintiff contends that subject-matter jurisdiction exists because the underlying case in which Defendants represented her was a federal action based upon Title VII and, thus, her legal-malpractice claims raise matters of federal law. She contends that federal jurisdiction should extend to her state law malpractice claims because those claims implicate significant federal concerns. She argues that resolving her legal-malpractice claims will involve assessment of evidence and elements of proof in the underlying

---

[1] The Magistrate Judge identified the civil action as *Hobson v. Retired General James Mattis, Secretary, Department of Defense*, Case No. 3:14-cv-1540, which was tried before Judge Trauger of this Court. The jury's verdict and this Court's judgment for Defendants in that case was affirmed upon Plaintiff's *pro se* appeal. *Hobson v. Mattis*, No. 17-6192, 2018 WL 3241369 (6th Cir. May 23, 2018).

[2] The accusations of Plaintiff against Defendants include: concealing important and relevant material facts during her trial; refusing to submit documentation in her defense; refusing to prove that a witness committed perjury during his testimony and that a statement made by the trial judge was biased; acting in their own best interest and to the detriment of Plaintiff; and ending the trial without Plaintiff's consent and without allowing her to rebut or defend her case against untold truths. Doc. No. 1.

Title VII retaliation case. Plaintiff also asserts that Defendants violated her Fifth Amendment rights because she was deprived of property without due process of law. Doc. Nos. 13 and 17.[3]

As to Plaintiff's assertion about Fifth Amendment rights, a person suing for violation of constitutional rights must demonstrate the denial of a constitutional right caused by a defendant acting under color of state law. 42 U.S.C. § 1983; *Abriq v. Hall*, 295 F. Supp. 3d 874, 878 (M. D. Tenn. 2018); *Carl v. Muskegon County*, 763 F.3d 592, 595 (6th Cir. 2014). There is no allegation here that Defendants, attorneys in private practice, were acting under color of state law, and clearly they were not. The alleged constitutional violation cannot provide a basis for federal-court jurisdiction.

The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. As the party asserting the Court's jurisdiction, Plaintiff has the burden of proving that the Court has subject-matter jurisdiction over her case. *Ammons v. Ally Fin., Inc.* 305 F. Supp. 3d 818, 820 (M.D. Tenn. 2018).

Although the underlying action in which Defendants represented Plaintiff at trial involved a federal cause of action, nothing about this legal-malpractice action arises under federal law. A case "arises under" federal law for purposes of exercising federal-question jurisdiction if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Warrior Sports, Inc. v. Dickinson Wright, PLLC,* 666 F. Supp. 2d 749, 753 (E.D. Mich. 2009). Plaintiff's cause of action, legal malpractice, was created by and arises under state law. Plaintiff

---

[3] Plaintiff references 10 U.S.C. § 1054 in her Complaint, but that federal statute, as noted by the Magistrate Judge, pertains to claims brought against the United States (not private attorneys) based upon allegations of legal malpractice against lawyers for the Department of Defense and is clearly inapplicable in this case. Notably, Plaintiff has not attempted to assert diversity jurisdiction, which is just as well because both she and Defendants are citizens of Tennessee.

argues that her claims necessarily depend on resolution of a substantial question of federal law. The Court disagrees.

State laws that implicate a substantial question of federal law can open the door to federal court, *Spence v. Dexcom, Inc.*, No. 3:18-cv-0369, 2019 WL 302504, at *8 (M.D. Tenn. Jan. 23, 2019), but the question is whether the state-law claim necessarily raises a stated federal issue that is actually disputed and substantial and which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities. *Id*. The federal issues presented in this legal-malpractice action are not substantial. As indicated in footnote 2, above, the allegations of misconduct against Defendants involve the relationship between attorney and client, trial tactics and strategy, and decisions concerning evidence and testimony. Given the nature of the alleged wrongdoing, the kind of case in which it allegedly occurred is not particularly important; the alleged misconduct merely happened to arise in an employment discrimination case grounded on federal law rather than in some other kind of case. There is no substantial federal issue to be resolved via Plaintiff's current legal-malpractice claims, and therefore they do not arise under federal law.

In *Gunn*, the Supreme Court clarified the substantiality inquiry concerning federal jurisdiction, holding that the disputed federal issue must be significant to the federal system as a whole, not just to the particular lawsuit or parties at issue. *Id.* at 260; *Spence*, 2019 WL 302504, at *8.[4] The Court held that resolution of a patent issue in the context of a legal-malpractice action under state law, although vitally important to the parties, did not include a federal issue that was significant to the federal system as a whole and thus did not support federal-question jurisdiction.

---

[4] In the earlier case of *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg*, 545 U.S. 308 (2005), a taxation case, the Court focused on the broader significance of the interests of the federal government in recovering delinquent taxes through the seizure and sale of property. *See Spence*, 2019 WL 302504, at *8. Interests of broad significance are absent from Plaintiff's present claims.

4

*Id.* Similarly, here, the legal-malpractice claims may touch on disputed questions of federal employment law, but those questions, by their nature, will not have the sort of significance for the federal system necessary to establish jurisdiction. *Gunn*, 568 U.S. at 258-59. As found by the Magistrate Judge, the mere fact that Defendants' alleged legal malpractice occurred within the context of a federal employment discrimination case is not sufficient to bring Plaintiff's lawsuit into this Court's jurisdiction. As in *Spence*, the underlying federal issues, while important to Plaintiff, are not significant to the federal system as a whole.

Plaintiff, in her Objections, attacks the applicability of cases cited by the Magistrate Judge, but she fails to cite cases in support of her own position. *Plaintiff*, not the Magistrate Judge, has the burden of establishing a basis for subject-matter jurisdiction.[5] For all these reasons, the Report and Recommendation of the Magistrate Judge is approved, and this case is **DISMISSED**, without prejudice, for lack of subject matter-jurisdiction. Any pending Motions are **DENIED** as moot, and the Clerk is directed to close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[5] For example, Plaintiff makes allegations, with absolutely no citations to authority, concerning *briefs* filed in one case cited by the Magistrate Judge. She also attempts to distinguish various cases with no citations to those cases, much less to opposing authority. Doc. No. 17.